UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KRISTOPHER LAMBRIGHT,

    Plaintiff,

v.                                         CAUSE NO.: 3:18-CV-514-RLM-MGG

EDWARD VAZQUEZ, et al.,

    Defendants.

## OPINION AND ORDER

Kristopher Lambright, a prisoner without a lawyer, filed an amended complaint alleging he has been denied access to the courts by seven defendants. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, Nance v. Vieregge, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that Bounds v. Smith, 430 U.S. 817 (1977) did not eliminate the actual injury requirement as a

constitutional prerequisite to a prisoner asserting lack of access to the courts). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis in original).

Mr. Lambright alleges he uses a computer system at the prison to prepare legal documents. He doesn't allege he is required to use it to access the courts, or that he has no other alternatives. Rather, he that alleges the design of the computer system permits other inmates to access and alter his files. He alleges unknown other inmates have done so, but he doesn't allege that this has ever prejudiced a potentially meritorious legal claim. Neither does he explain how each defendant is responsible for the design or maintenance of the computer system. *See* Burks v. Raemisch, 555 F.3d 592, 593 (7th Cir. 2009) ("Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job."). He also alleges his privacy rights are violated when other inmates look at his documents on the computer, but he doesn't explain why he believes his documents are private. Virtually all court filings are public records. *See* Matter of Cont'l Illinois Sec. Litig., 732 F.2d 1302, 1308 (7th Cir. 1984); Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999); and Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002).

Mr. Lambright alleges that delays in processing his paperwork at the prison have caused him to miss three appellate deadlines, but he doesn't provide case numbers nor describe the nature of those proceedings. More importantly, he doesn't say what happened as a result of the missed deadlines. As such, he hasn't plausibly alleged missing the deadlines prejudiced a potentially meritorious legal claim.

Mr. Lambright alleges that Library Worker Ekennerk retaliated against him in response to two grievances by returning his legal mail for a signature on the remittance slip even though it was already signed. He alleges that when this happened on October 30, 2018, it was the first time and so must be in response to his grievances. The complaint doesn't say when the grievances were filed and timing alone can't sustain a retaliation claim. Pugh v. City of Attica, Indiana, 259 F.3d 619, 630 (7th Cir. 2001). However, suspicious timing can support an inference of retaliatory animus. Cain v. Lane, 857 F.2d 1139, 1145, n.6 (7th Cir. 1988).

"To prevail on his First Amendment retaliation claim, [the plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). "There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned." Ingraham v. Wright, 430 U.S. 651, 674 (1977).

3

> Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation. Otherwise, the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection. This objective inquiry is not static across contexts, but rather must be tailored to the different circumstances in which retaliation claims arise. Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before a retaliatory action taken against them is considered adverse.

Dawes v. Walker, 239 F.3d 489, 493 (2nd Cir. 2001) (citations and quotation marks omitted); *see also* Bart v. Telford, 677 F.2d 622, 625 (7th Cir. 1982). The brief delay caused by the return of Mr. Lambright's paperwork is de minimis. It wouldn't be reasonable to believe an inmate of ordinary firmness would be deterred from engaging in First Amendment activity because his papers were incorrectly returned for a signature.

Mr. Lambright alleges Library Worker Ekennerk negligently sent another inmate copies of three letters that should have been sent to him. He alleges these letters were privileged because he had written them to legal aid societies. Even assuming they were subject to attorney-client privilege, "[a]n isolated interference with the confidentiality of such communications is subject to harmless-error analysis . . .." Guajardo-Palma v. Martinson, 622 F.3d 801, 805–806 (7th Cir. 2010). Mr. Lambright's complaint doesn't allege any injury other than another inmate briefly had copies of his letters. That allegation isn't sufficient to show that Mr. Lambright suffered any actual injury.

Mr. Lambright alleges that Library Worker Ekennerk negligently sent electronically transmitted documents from federal court through the prison's

4

regular mail system on November 1, 2018, rather than the legal mail system. He doesn't explain the difference between these two systems. Neither does he say what, if any, injury he suffered as a result.

Finally, Mr. Lambright attempts to bring a "failure to train" claim against three supervisors based on Library Worker Ekennerk's handing of legal mail. However, "in the Eighth Amendment context, such claims may only be maintained against a municipality." Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001) citing Farmer v. Brennan, 511 U.S. 825, 841 (1994). None of these defendants are a municipality.

This complaint doesn't state a claim upon which relief can be granted. Mr. Lambright may file another amended complaint if he has additional facts that were omitted from this amended complaint. *See* Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). If he doesn't have additional facts, it would be futile for him to file another amended complaint.

For these reasons, the court GRANTS Kristopher Lambright until **April 11, 2019**, to file an amended complaint. If Mr. Lambright doesn't respond by the deadline, this case will be dismissed without further notice because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on March 21, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
